[No. 5737–1.   Division One.   July 13, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. KELVIN
JAMES HEBERT, *Appellant.*

Richard A. Hansen of Seattle–King County Public Defender, for appellant.

Christopher T. Bayley, Prosecuting Attorney, and Philip Y. Killien, Deputy, for respondent.

WILLIAMS, J.—Kelvin James Hebert was convicted of second–degree burglary (RCW 9A.52.030). The sole issue on appeal is whether the giving of jury instruction No. 5 constitutes reversible error:

If a person enters or remains unlawfully in a building, it may be inferred that that person acted with intent to commit a crime against a person or property therein, unless the evidence explains to your satisfaction that the entering or remaining was without such criminal intent.

Hebert contends that instruction No. 5, which is taken almost verbatim from RCW 9A.52.040, violates due process by shifting the burden of proof on the element of criminal intent and is a comment on the evidence in violation of article 4, section 16 of the state constitution.

■ The question of shifting the burden of proof is controlled by the recent Supreme Court case of *State v. Bishop*, 90 Wn.2d 185, 580 P.2d 259 (1978). There, the court upheld a burglary conviction which was challenged because of the following instruction No. 14:

Every person who shall unlawfully enter any dwelling shall be deemed to have entered the same with intent to commit a crime therein, unless such unlawful entering shall be explained by testimony satisfactory to the jury to have been made without criminal intent.

That instruction was taken almost verbatim from RCW 9.19.030, which was repealed at the time RCW 9A.52.040 was enacted.

Applying the three–part test of *State v. Roberts*, 88 Wn.2d 337, 562 P.2d 1259 (1977), the court in *Bishop*

decided that (1) the instruction did not shift the burden of proof on the element of intent, but simply required the defendant to present some evidence to explain the unlawful entry by testimony satisfactory to the jury; (2) the proven fact (unlawful entry) established the presumed fact (intent to commit a crime therein) beyond a reasonable doubt; and (3) the jury was instructed that the presumption was not conclusive and that the State still must sustain the burden of proving the defendant's guilt beyond a reasonable doubt.

With regard to the first two parts of the *Roberts* test, the only real difference between the repealed statute (RCW 9.19.030) and the present statute (RCW 9A.52.040) is that the former says "shall be deemed," while the latter says "may be inferred." The imperative "shall be deemed" is more objectionable to a criminal defendant than the permissive "may be inferred." Therefore, if the former passes constitutional muster, the latter does a fortiori.

With regard to the third part of the *Roberts* test, the instructions taken as a whole informed the jury that the State had the burden of proving each element of the crime beyond a reasonable doubt. *State v. Bishop, supra; State v. Colwash,* 88 Wn.2d 468, 564 P.2d 781 (1977); *State v. Durning,* 71 Wn.2d 675, 430 P.2d 546 (1967).

Hebert also argues that instruction No. 5 constitutes a judicial comment on the evidence because it "directed the jury to find the intent element unless the defendant could disprove it." This is just another way of stating that instruction No. 5 unconstitutionally shifted the burden of proof.

Affirmed.

FARRIS, C.J., and ROE, J., concur.