[Nos. 2861–2; 2894–2.   Division Two.   August 7, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. WILFORD HAROLD OGDEN, ET AL, *Appellants*.

us. Therefore, the general rule must be applied. *See United States v. Young,* 472 F.2d 628 (6th Cir. 1972).

*John L. Farra,* for appellants (appointed counsel for appeal).

*Curtis M. Janhunen, Prosecuting Attorney,* for respondent.

RINGOLD, J.—Wilford Harold Ogden and David Allen Jenkins were each convicted of two offenses: (1) attempted burglary in the second degree with a deadly weapon, and (2) being a felon in possession of a firearm. Following their conviction of the offenses, a supplemental information was filed by the prosecuting attorney and a jury determined that each defendant was a habitual criminal. The court then imposed the enhanced punishment of two life sentences upon each defendant. Ogden and Jenkins appeal, assigning numerous errors to the trial of the substantive charges and of the habitual criminal allegations.

On August 20, 1976, the City of Elma police officers in response to an alarm searched the premises of the East County Medical Clinic. Ogden and Jenkins were found on the grounds outside the building. They were arrested and taken to the Grays Harbor County Sheriff's office where each defendant gave a statement. Their parole was immediately suspended and then revoked on September 11, 1976. An information was filed on September 21 charging the defendants with two offenses and they were arraigned on

September 23. After denial of their motion on November 12 to dismiss the cause on the basis of a violation of CrR 3.3, the speedy trial rule, trial began on November 15, 1976.

The assignments of error present three basic issues:

1. Were Ogden and Jenkins denied a speedy trial as required by CrR 3.3?

2. Was the trial court in error when it imposed two consecutive life sentences on each defendant?

3. Did the trial court err in giving instruction No. 9?

If a person attempts to enter or remain unlawfully in a building, it may be inferred that such person acted with intent to commit a crime against a person or property therein, unless the evidence explains to your satisfaction that the attempt to enter or remain was without such criminal intent.

We hold that the giving of instruction No. 9 was erroneous and reverse the conviction for attempted burglary with a deadly weapon and the sentence based upon that conviction. We find no other error by the trial court.

### WERE THE DEFENDANTS DENIED A SPEEDY TRIAL PROVIDED FOR IN CrR 3.3?

Ogden and Jenkins claim the court erred in failing to dismiss the action under CrR 3.3 because they were not brought to trial within 60 days after their detention on this offense nor within 60 days of the time that the parole board met on September 3, 1976, and determined to revoke the parole of both defendants.

*State v. Christianson*, 17 Wn. App. 264, 266, 562 P.2d 671 (1977) holds:

As interpreted, the 60–day rule of CrR 3.3(c) "refers to the ability to obtain pretrial release because of the pendency of the *current* criminal charges and is not invoked because of an inability to obtain release due to other matters."

The defendants were arrested by the police officers upon probable cause; they were placed in custody, and the same day the parole detention was placed against them. *State v. Christianson, supra,* recognizes the distinction between

detention by the judicial as opposed to the executive branch of the government. Ogden and Jenkins were detained pursuant to an order issued by an officer of the executive branch. Not until the filing of the information on September 21, 1976, did the judicial branch attempt to exercise jurisdiction over the defendants. Between August 20 and September 21 they were not being held on the criminal charge, but on the parole suspension and revocation. This constituted action of the executive branch. As stated in *State v. Christianson, supra* at 266:

> The rule [CrR 3.3] is a directive from the Supreme Court to the superior court that a confined defendant be released by the judicial branch or be tried within 60 days. The rule makes no pretense of directing procedures in the executive or legislative branches.

The trial court properly denied the motion to dismiss.

## MULTIPLE SENTENCES AFTER A DETERMINATION OF BEING A HABITUAL CRIMINAL

The trial court here imposed upon each of the defendants two consecutive life terms. Ogden and Jenkins contend that the second life sentence is void and that each of them should be sentenced to but one life term despite the fact that they were convicted of two offenses.

The sentence to a life term is imposed as an enhanced punishment for the substantive offense with which a defendant is charged. There are no cases in this state precisely on this point, but in *State v. Ogle,* 3 Wn. App. 549, 475 P.2d 913 (1970), a defendant had been sentenced to two life terms on both counts to run concurrently, and those sentences were upheld.

We hold that there was no error committed in the court's imposition of the two consecutive life sentences.

## INSTRUCTION ON INFERENCE OF INTENT

On appeal Ogden and Jenkins argue that instruction No. 9, a paraphrase of RCW 9A.52.040, was erroneously submitted to the jury. We agree, although not on the basis urged by them.

The arguments advanced by Ogden and Jenkins in their opening brief are (1) that there is insufficient rational nexus between the facts proved and the facts to be inferred to warrant the inference, and that it is therefore violative of *Leary v. United States,* 395 U.S. 6, 23 L. Ed. 2d 57, 89 S. Ct. 1532 (1969), and (2) that the instruction constitutes an impermissible shifting of the burden of proof. Both these arguments have been decided adversely to the defendant's position in *State v. Bishop,* 90 Wn.2d 185, 580 P.2d 259 (1978). This court in *State v. Hebert,* 20 Wn. App. 656, 581 P.2d 1084 (1978), followed *State v. Bishop, supra.*[1]

We decide this issue on a theory raised at trial, but not here. RAP 1.2(a) provides that "[t]hese rules will be liberally interpreted to promote justice . . ." In our opinion justice can be done in this case only by our reaching the issue not presented. Further, RAP 12.1(b) provides that

> [i]f the appellate court concludes that an issue which is not set forth in the briefs should be considered to properly decide a case, the court may notify the parties and give them an opportunity to present written argument on the issue raised by the court.

We are of the opinion that briefing of the issue is unnecessary, the issue having been joined at trial when exceptions were taken to the instructions.[2] As stated in *Maynard Inv. Co. v. McCann,* 77 Wn.2d 616, 623, 465 P.2d 657 (1970):

> Courts are created to ascertain the facts in a controversy and to determine the rights of the parties according to justice. Courts should not be confined by the issues framed or theories advanced by the parties if the parties

---

[1]The theory of an inference is that the fact to be inferred must follow beyond a reasonable doubt from facts which have been proved beyond a reasonable doubt. Perhaps an instruction to the jury regarding the inference would never be necessary, inasmuch as the argument could be made on the basis of the circumstantial evidence instructing that circumstantial evidence of intent established intent beyond a reasonable doubt. *Cf.* comment WPI 60.06 n.1.

[2]The issue is inferentially raised by the defendant's contention that there is no rational relationship between the facts proved and the facts to be inferred.

ignore the mandate of a statute or an established precedent. A case brought before this court should be governed by the applicable law . . .

In other appropriate cases our courts have reached issues not presented by counsel on appeal. *Haslund v. Seattle,* 86 Wn.2d 607, 547 P.2d 1221 (1976); *Siegler v. Kuhlman,* 81 Wn.2d 448, 502 P.2d 1181 (1972).

■ The issue we address is whether the inference instruction, based on RCW 9A.52.040, may be given in an *attempted* burglary case, as distinguished from a *burglary* case. We hold that it may not for two reasons. The defendants were not charged with burglary and there is no evidence in the record that they either entered or remained unlawfully in a building. Thus, there is no evidentiary basis for the operation of an inference as provided by RCW 9A.52.040. An instruction on an issue or theory unsupported by the evidence is improper. *State v. Golladay,* 78 Wn.2d 121, 470 P.2d 191 (1970); *State v. Upton,* 16 Wn. App. 195, 556 P.2d 239 (1976).

Secondly, RCW 9A.52.040 authorizes an inference of intent only if a person "enters or remains unlawfully in a building . . ." The instruction as drafted enabled the jury to draw the inference from an *attempted* entry. The statute does not authorize such an instruction, and therefore comprises error of law. When an error occurs in the instructions, the jury will be presumed to have relied upon it in reaching their guilty verdict, unless the error affirmatively appears to be harmless. *State v. Golladay, supra.* Here there is no evidence that the error was harmless, and it therefore constitutes reversible error.

Other assignments are made by the defendants. We have considered all of the assignments of error relating to the admission of evidence and the abuse of prosecutorial discretion. We find no error which would merit reversal or justify additional discussion.

We therefore affirm the conviction of each defendant for the offense of being a felon in possession of a firearm and the enhanced life sentence imposed by the trial court.

50

We reverse the conviction and the judgment and sentence imposed on the attempted burglary offense.

PEARSON, C.J., and SOULE, J., concur.

Reconsideration denied September 19, 1978.

Review denied by Supreme Court February 2, 1979.