[No. 18900–0–I.   Division One.   April 11, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. DESTIN LEMIER JACKSON, *Appellant.*

---

*Neil M. Fox* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Susan J. Noonan, Deputy,* for respondent.

COLEMAN, J.—Destin Jackson appeals from the judgment and sentence resulting from his conviction for one count of attempted second degree burglary. He assigns error to the jury instructions. We affirm.

At 11:52 p.m. on Sunday, February 2, 1986, Seattle Police Officer Brend Kuerschner responded to a dispatcher's call to proceed to Neal's Tailoring & Beverage Shop at 24th and East Union. As the officer rounded the corner of the nearby intersection, he observed Jackson taking a running kick at the door of the shop with sufficient force that the rebound bounced him back 2 feet. The officer arrested Jackson.

An inspection of the door's Plexiglas window revealed wet footprints. The force of the blows had broken the window frame and pushed the Plexiglas inward 10 inches. Officer Kuerschner testified that the prints on the window and the soles of Jackson's shoes appeared visually similar.

The owner of the shop, Buford Neal, testified that the wooden frame on the inside of the door holding the glass in place was shattered.

Jackson testified and denied having kicked the door. He claimed that as he walked by the shop, he noticed the broken door, including the fact that the Plexiglas was broken inward. As he continued on his way, he was arrested within several yards of the shop.

Over Jackson's exception, the trial court instructed the jury that it could infer that a person who unlawfully attempts to enter a building intends to commit a crime therein. The court did give a lesser included instruction of attempted first degree criminal trespass, but denied Jackson's proposed lesser included instruction on malicious mischief.

We first consider whether the trial court erred by instructing the jury that it could infer that a person who unlawfully attempts to enter a building intends to commit a crime therein.[1]

In support of his argument that the jury instruction constituted error, appellant cites *State v. Ogden,* 21 Wn. App. 44, 584 P.2d 957 (1978), *review denied,* 91 Wn.2d 1013 (1979), which reversed a conviction for attempted burglary because of an insufficient evidentiary basis to support the inference of intent instruction[2] that was given to the jury.

---

[1]Jury instruction 10 read as follows:

"A person who attempts to enter or remain unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein unless such entering or remaining shall be explained by evidence satisfactory to the jury to have been made without such criminal intent. This inference is not binding upon you and it is for you to determine what weight, if any, such inference is to be given."

[2]RCW 9A.52.040, which is the statutory basis for the instruction, provides:

The issue we address is whether the inference instruction, based on RCW 9A.52.040, may be given in an *attempted* burglary case, as distinguished from a *burglary* case. We hold that it may not for two reasons. The defendants were not charged with burglary and there is no evidence in the record that they either entered or remained unlawfully in a building. Thus, there is no evidentiary basis for the operation of an inference as provided by RCW 9A.52.040. An instruction on an issue or theory unsupported by the evidence is improper. *State v. Golladay*, 78 Wn.2d 121, 470 P.2d 191 (1970); *State v. Upton*, 16 Wn. App. 195, 556 P.2d 239 (1976).

*Ogden,* at 49.

■ In *State v. Bassett*, 50 Wn. App. 23, 746 P.2d 1240 (1987), *review denied,* 110 Wn.2d 1016 (1988), this court noted that "*Ogden* does not stand for the proposition, however, that an inference of intent instruction can never be given in an attempted burglary prosecution." *Bassett,* at 26. Where there is evidence of unlawful entry, the inference of intent instruction is justified. *See State v. Bergeron*, 105 Wn.2d 1, 19, 711 P.2d 1000 (1985); *Bassett,* at 26–27.

Entry is defined by RCW 9A.52.010(2) as including: "the entrance of the person, or the insertion of any part of his body, or any instrument or weapon held in his hand and used or intended to be used to threaten or intimidate a person or to detach or remove property[.]" In *Bassett,* the burglar's insertion of a finger into a basement window to remove pieces of glass was an entry justifying the inference of intent instruction. *Bassett,* at 27. *See also State v. Couch*, 44 Wn. App. 26, 31–32, 720 P.2d 1387 (1986) (pushing up trap door from below constitutes entry into upper level).

Here, the uncontradicted evidence showed that the force of kicking the Plexiglas window shattered the inner frame.

---

"In any prosecution for burglary, any person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein, unless such entering or remaining shall be explained by evidence satisfactory to the trier of fact to have been made without such criminal intent."

Officer Kuerschner estimated the window caved in 10 inches. Unlike *State v. Bergeron,* 105 Wn.2d 1, 3, 19, 711 P.2d 1000 (1985), where throwing a rock through a window and sliding it open did not constitute entry, here, based on the evidence of the battered window, a rational jury could conclude that part of appellant's body entered the building in the act of kicking. Consequently, the jury instruction was justified. *Bassett,* at 27.

We note the trial court's insertion of the word *attempt* into the instruction extends the statutorily permitted inference in burglary offenses to attempted burglaries:

RCW 9A.52.040 authorizes an inference of intent only if a person "enters or remains unlawfully in a building . . ." The instruction as drafted enabled the jury to draw the inference from an *attempted* entry. The statute does not authorize such an instruction, and therefore comprises error of law.

*Ogden,* at 49. Unlike the *Ogden* case, however, there was evidence of an actual entry in this case. Moreover, the instruction was not prejudicial because it told the jurors no more than they were entitled to do anyway, namely:

RCW 9A.52.040 provides only that if a person enters or remains unlawfully in a building, intent to commit a crime may be inferred; it does not provide that, without entry, intent may not be inferred. We find that the holding in *State v. Ogden* does not preclude the inference of intent in this case[, where there was no actual entry, only an attempt to enter].

*State v. Bergeron,* 38 Wn. App. 416, 420, 685 P.2d 648 (1984), *aff'd,* 105 Wn.2d 1, 711 P.2d 1000 (1985).[3]

---

[3]*Bergeron* did not involve a jury instruction regarding the inference of intent; it involved only whether the evidence of attempted entry into a home was sufficient to support an inference of intent to commit a crime therein, a necessary element in the conviction for attempted burglary. The *Bergeron* court held that the finder of fact may "infer intent from all the facts and circumstances surrounding the attempted entry." *Bergeron,* at 420. Thus, even though the *Ogden* court found it to be error for the trial court in that case to extend the RCW 9A.52.040 statutory inference of intent to attempted entry, such an error is nonprejudicial under the reasoning of *Bergeron.* A defendant cannot be prejudiced by a jury instruction

We also note that it is as logically sound to draw the inference of intent to commit a crime within a building one has attempted to unlawfully enter as it is to draw the inference when one has actually unlawfully entered. Non-prejudicial error in jury instructions will not be reversed on appeal. *See, e.g., State v. Robinson,* 38 Wn. App. 871, 691 P.2d 213 (1984), *review denied,* 103 Wn.2d 1015 (1985); *State v. Brown,* 17 Wn. App. 587, 594, 564 P.2d 342 (1977).

We next consider whether the trial court erred in refusing to instruct the jury on the crime of malicious mischief.

Appellant was charged with attempted second degree burglary under RCW 9A.28.020[4] and RCW 9A.52.030.[5] The court denied his request for a lesser included instruction of third degree malicious mischief under RCW 9A.48.090.[6] A defendant is entitled to instruction on a lesser included offense if two conditions are met. "First, each of the elements of the lesser offense must be a necessary element of the offense charged. Second, the evidence in the case must support an inference that the lesser crime was committed." (Citations omitted.) *State v. Workman,* 90 Wn.2d 443, 447–

---

exceeding the bounds of a statutorily permitted inference if the inference is one the jury would be permitted to draw anyway even if it were not so instructed.

[4]RCW 9A.28.020(1) provides:

"(1) A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime."

[5]RCW 9A.52.030 provides:

"(1) A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle.

"(2) Burglary in the second degree is a class B felony."

[6]RCW 9A.48.090 provides:

"(1) A person is guilty of malicious mischief in the third degree if he knowingly and maliciously causes physical damage to the property of another, under circumstances not amounting to malicious mischief in the first or second degree.

"(2) Malicious mischief in the third degree is a gross misdemeanor if the damage to the property is in an amount exceeding fifty dollars; otherwise, it is a misdemeanor."

48, 584 P.2d 382 (1978). This case involves the first prong, also known as the legal prong, of the *Workman* test. Appellant admits third degree malicious mischief is not a lesser included offense of second degree burglary because one can commit the latter without committing the former. *State v. Soto,* 45 Wn. App. 839, 840 n.1, 727 P.2d 999 (1986).

Appellant points out, however, that where a crime constitutes a "substantial step" in the commission of an attempted greater crime, it can be a lesser included offense under the legal prong of the *Workman* test, even though it is possible to attempt the greater offense without actually committing the "substantial step" in every case. *State v. Gatalski,* 40 Wn. App. 601, 612–13, 699 P.2d 804, *review denied,* 104 Wn.2d 1019 (1985). "Attempt is a unique type of crime, as it contains the element of 'substantial step', which is not and cannot be statutorily defined. Therefore, this legal element of attempted offenses will be factually different in each case." *State v. Partosa,* 41 Wn. App. 266, 272 n.6, 703 P.2d 1070 (1985).

In order for the substantial step taken in attempt of the greater crime to entitle a criminal defendant to the lesser included instruction, it must be both a necessary element of the lesser included crime and an "inherent characteristic" of the greater crime which was attempted. *See Workman,* at 448; *Gatalski,* at 613.

In *Workman,* the substantial step (being armed with a deadly weapon) was not invariably a necessary element of the greater offense (first degree robbery) because one can commit first degree robbery with a toy gun or by inflicting bodily injury. *See Gatalski,* at 612. Moreover, it is possible to attempt first degree robbery without actually being armed. Nonetheless, because being armed with a deadly weapon, *i.e.,* the substantial step, was both a necessary element of the lesser included crime, unlawfully carrying a weapon, and an "inherent characteristic" of attempting the greater crime, first degree robbery, the legal prong was satisfied. *Workman,* at 448. In *Gatalski,* unlawful restraint,

the substantial step, was a necessary element of both unlawful imprisonment, the lesser included offense, and first degree kidnapping, the greater crime that was being attempted. Thus, the lesser included instruction of unlawful imprisonment was proper even though "it is possible for one to attempt a kidnapping without actually reaching the point of unlawfully restraining another". *Gatalski,* at 612–13.

Even if one assumes, as appellant argues, that property damage was the substantial step taken here, appellant was not entitled to the instruction on malicious mischief. Not only is malicious mischief not a lesser included offense of burglary, but property damage, the primary element of malicious mischief, is not an "inherent characteristic" of attempted burglary. *See Workman,* at 448. Thus, the court properly refused the lesser included instruction of malicious mischief.

Finally, while appellant assigned error to the absence in the jury instructions of any specification of the crime to have been committed upon entry of the shop, appellant concedes this issue was decided adversely to his position in *State v. Bergeron,* 105 Wn.2d 1, 17, 711 P.2d 1000 (1985). This court is bound by the Supreme Court's ruling. *State v. Bailey,* 41 Wn. App. 724, 727, 706 P.2d 229 (1985).

We therefore affirm appellant's conviction and sentence.

SCHOLFIELD, C.J., and WILLIAMS, J., concur.

Reconsideration denied May 10, 1988.

Review granted by Supreme Court September 1, 1988.