FILED
COURT OF APPEALS
DIVISION II

2014 MAR 11 AM 8:41

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44993-5-II |
| Respondent, | |
| v. | |
| GENE L. YOUNT, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Gene Yount appeals his second degree theft convictions. He argues that there is insufficient evidence to support these convictions. Because there is sufficient evidence of each of the elements of these offenses, we affirm.

## FACTS

On January 4, 2013, Karen Nelson was checking out at the Safeway in Belfair. After checking out, Nelson placed her wallet in her purse and loaded her groceries into her cart. Inside her wallet was a case containing $1,000 and credit cards. Nelson proceeded directly out to her car. After loading her groceries into her car, she noticed that her wallet was missing.

Nelson searched for her wallet in her car and in the store, but could not find it. Safeway employee Jennifer Bobb subsequently informed Nelson that her wallet had been turned in to lost and found, and gave it to her. However, Nelson discovered that her case containing the money and credit cards was missing. Bobb pointed out Yount as the person who had turned in the wallet. Nelson approached Yount and demanded he give her the money back. Yount denied any knowledge of the money. Bobb called 9-1-1.

Deputy R. Bradley Trout arrived and talked with both Nelson and Yount. After speaking with Yount, Deputy Trout asked Deputy Michelle Williams to view the store's video

surveillance. As Deputy Williams headed into the store, Yount told Deputy Trout that he had the case in his vest pocket inside his friend's car. Deputies located the case containing money and credit cards inside Yount's vest pocket in his friend's car.

The State charged Yount with two counts of second degree theft. A jury found Yount guilty of both counts. Yount appeals.

ANALYSIS

Yount argues that there is insufficient evidence to support his theft convictions. Specifically, Yount argues the State did not prove he wrongfully obtained or exerted unauthorized control over the property.[1] We disagree.

Evidence is legally sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt. *State v. Montgomery*, 163 Wn.2d 577, 586, 183 P.3d 267 (2008). We interpret all reasonable inferences in the State's favor. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). Direct and circumstantial evidence carry the same weight. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004). " 'The jury is permitted to infer from one fact[,] the existence of another essential to guilt, if reason and experience support the inference.' " *State v. Jackson*, 112 Wn.2d 867, 875, 774 P.2d 1211 (1989) (quoting *Tot v. United States*, 319 U.S. 463, 467, 63 S. Ct. 1241, 87 L. Ed. 1519 (1943)). "[C]redibility determinations are for the trier of fact and are not subject to review." *State v. Cantu*, 156 Wn.2d 819, 831, 132 P.3d 725 (2006) (citing *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990)). "An essential function of the fact finder is to discount theories which it determines unreasonable."

---

[1] Yount does not dispute that the case contained cash in excess of $750 as well as an access device, specifically a credit card. Yount also does not appear to challenge whether the State proved he took the case with the intent to deprive Nelson of the property.

2

44993-5-II

*State v. Bencivenga*, 137 Wn.2d 703, 709, 974 P.2d 832 (1999) (citing *State v. Snider*, 70 Wn.2d 326, 327, 422 P.2d 816 (1967)).

"A person is guilty of theft in the second degree if he or she commits theft of . . . [p]roperty or services which exceed(s) seven hundred fifty dollars in value but does not exceed five thousand dollars in value . . . or an access device." RCW 9A.56.040(1)(a) & (d). " 'Theft' means . . . [t]o wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him or her of such property or services." RCW 9A.56.020(1)(a). To " '[w]rongfully obtain[ ]' or 'exert[ ] unauthorized control' [is] [t]o take the property or services of another." RCW 9A.56.010(22)(a).

Yount appears to argue that because the State failed to present sufficient evidence that Yount took the wallet from the checkout counter, there is insufficient evidence to show Yount wrongfully obtained or exerted unauthorized control over the money and credit cards. However, a rational trier of fact could reasonably conclude that Yount wrongfully took Nelson's case and credit cards. It is undisputed that the case with money and credit cards went missing from Nelson's wallet and that during the time the case was missing Yount had access to the wallet. Yount ultimately admitted he had the case in his vest pocket inside his friend's car. Deputies recovered the missing case in Yount's vest pocket. This evidence was sufficient for the trier of fact to conclude that Yount took the case.

3

We affirm Yount's theft convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

JOHANSON, A.C.J.

BJORGEN, J.