IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35043-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| EDUARDO PEREZ, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — A jury convicted Eduardo Perez of attempted residential burglary and third degree malicious mischief. In this appeal, Mr. Perez challenges the sufficiency of the facts submitted in support of his conviction as well as the imposition of legal financial obligations (LFOs) at sentencing. We affirm.

## FACTS[1]

On September 30, 2015, Mary Lou Ribail went to visit her sister, Ethel Porter. While the pair were in Ms. Porter's home, they suddenly heard a loud bang outside that sounded like a gunshot. The sisters then heard several forceful kicks on the door to the house accompanied by the sound of someone shouting. They also heard the sounds of

---

[1] The recitation of facts is taken from the trial testimony and sentencing hearing. Because Mr. Perez challenges the sufficiency of the State's evidence at trial, we present the facts in the light most favorable to the State. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

various windows being broken. Ms. Ribail observed rocks thrown from outside smashing through and breaking the windows. Ms. Porter was able to look out one of windows and saw her neighbor, Eduardo Perez, standing outside.[2] She also recognized Mr. Perez's voice as the source of the shouting.[3] Mr. Perez was shouting statements such as "I know you're in there," "I can see you," or "I can hear you." 2 Report of Proceedings (RP) (Jan. 11, 2017) at 58, 90-91. As more windows in the home were broken the sisters called 911 and sought refuge. The sisters later discovered that Ms. Ribail's car windows had also been smashed.

Law enforcement responded to the 911 call. One of the officers noticed Mr. Perez standing in front of his own residence pacing back and forth. The officer approached Mr. Perez and asked to speak with him. Mr. Perez started to walk over but stopped when he was about halfway to the officer. The officer asked what was going on. Mr. Perez then became agitated and said "it's the neighbor; it's the neighbor." 2 (RP) (Jan. 11, 2017) at 146. Mr. Perez said "let's go to the neighbor's," and proceeded toward Ms. Porter's residence. *Id.* at 147. The officer twice ordered Mr. Perez to stop, but he did not.

---

[2] Ms. Porter also identified Mr. Perez in photographs taken by security cameras around her property at the time of these events.

[3] Ms. Porter testified she has known Mr. Perez for a number of years and is able to recognize his voice and appearance based on those interactions. She also testified about some issues that developed between her and Mr. Perez shortly before these events.

The officer then grabbed Mr. Perez's arm, a struggle ensued, and Mr. Perez was arrested.

A jury ultimately convicted Mr. Perez of attempted residential burglary and malicious mischief. At sentencing, the trial court inquired about his ability to pay LFOs. Mr. Perez explained that a physical disability made it more difficult to work of late. He did not mention any other disabilities or ailments that would limit his working ability. The trial court then struck all but the mandatory LFOs. Mr. Perez appeals.

ANALYSIS

*Sufficiency of the evidence—attempted residential burglary*

Mr. Perez argues the evidence was insufficient to convict him of attempted residential burglary. He claims the State did not prove he took a substantial step toward entering Ms. Porter's home, nor did it prove he had the intent to commit a crime inside the home. We disagree with both these contentions.

Due process requires the State to prove all elements of the crime beyond a reasonable doubt. *State v. Washington*, 135 Wn. App. 42, 48, 143 P.3d 606 (2006). In a sufficiency challenge, the inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). All reasonable inferences are drawn in the State's favor, and the evidence is interpreted most

strongly against the defendant. *Id.* This court's role is not to reweigh the evidence and substitute its judgment for that of the trier of fact. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

"A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." RCW 9A.52.025(1). An attempt occurs if, with the intent to commit the principal crime, the defendant commits any act constituting a substantial step toward commission of the principal crime. RCW 9A.28.020(1). A person does not take a substantial step unless his conduct is "'strongly corroborative of the actor's criminal purpose.'" *State v. Townsend*, 147 Wn.2d 666, 679, 57 P.3d 255 (2002) (quoting *State v. Aumick*, 126 Wn.2d 422, 427, 894 P.2d 1325 (1995).

Mr. Perez first asserts there is insufficient evidence to show he took a substantial step toward entering Ms. Porter's home. We conclude there was. The evidence shows Mr. Perez kicked the door multiple times, and with enough force to make the whole house shake. He then systematically broke almost every window in the house and taunted Ms. Porter and Ms. Ribail as he did so. The fact that Mr. Perez was unsuccessful in breaking through the door and never actually climbed in any of the windows is what causes his offense to fall under the auspice of an attempt, instead of a completed crime. The incomplete nature of his conduct does not render the State's evidence insufficient.

Viewing these facts in a light most favorable to the State, a rational trier of fact could find

beyond a reasonable doubt Mr. Perez's actions were part of an unsuccessful effort to

unlawfully force entry into Ms. Porter's home, and thus constitute a substantial step

toward residential burglary.

Mr. Perez next asserts the evidence is insufficient to show he intended to commit a

crime against a person or property within Ms. Porter's home. Mr. Perez's argument rests

on *State v. Jackson*, 112 Wn.2d 867, 774 P.2d 1211 (1989), in which the Supreme Court

held that instructing the jury regarding a permissive presumption of intent is inappropriate

in an attempted burglary case. As explained by the court, the circumstances of attempted

burglary raise more than one reasonable conclusion about the intent of the defendant's

actions (i.e., the defendant may have intended either to commit burglary or simply an act

of vandalism). Accordingly, a jury must not be instructed on a permissive presumption of

intent, as contemplated by statute in the burglary context.[4]

The problem with Mr. Perez's reliance on *Jackson* is that *Jackson* only addressed

---

[4] RCW 9A.52.040 states: "In any prosecution for burglary, any person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein, unless such entering or remaining shall be explained by evidence satisfactory to the trier of fact to have been made without such criminal intent."

instructional error. The court did not engage in a sufficiency analysis. Because Mr. Perez

does not allege instructional error, *Jackson*'s analysis is largely irrelevant to Mr. Perez's

case.[5]

Rather than *Jackson*, Mr. Perez's case is controlled by *State v. Bencivenga*,

137 Wn.2d 703, 974 P.2d 832 (1999). *Bencivenga* held that the analysis in *Jackson*

applies only to the propriety of a permissive inference instruction. *Bencivenga*, 137

Wn.2d at 708. *Jackson* does not apply to the question of whether sufficient evidence

supports a jury's verdict. Unlike what is true in the instructional context, where judges

are restricted from guiding jurors' assessments of the facts, "[n]othing forbids a jury . . .

from logically inferring intent from proven facts, so long as it is satisfied the state has

proved that intent beyond a reasonable doubt." *Id*. at 709. Although a jury should not

reach an inference of guilt when there are equally reasonable conclusions that can follow

from a set of circumstances, the reasonable doubt standard (not the sufficiency test)

protects a defendant from conviction in such circumstances. In the end, "it is the

province of the finder of fact to determine what conclusions reasonably follow from the

particular evidence in a case." *Id*. at 711.

---

[5] If anything, *Jackson* undercuts Mr. Perez's sufficiency challenge. *Jackson* reversed the defendant's conviction without prejudice. Had the evidence been insufficient to support an inference of intent, the reversal should have been with prejudice.

The evidence here was sufficient to permit a jury finding that Mr. Perez intended to burglarize Ms. Porter's home. "Unmistakably," the State's evidence showed Mr. Perez "intended more than a social call." *State v. Bergeron*, 105 Wn.2d 1, 11, 711 P.2d 1000 (1985). The circumstantial evidence at trial tended to show that not only was Mr. Perez attempting to enter Ms. Porter's home, he did so with the intent to commit a crime therein. Such proof is all that is necessary to justify the jury's guilty verdict on appeal.

*LFOs—mental health inquiry*

For the first time on appeal, Mr. Perez challenges the imposition of LFOs based on RCW 9.94A.777. That statute requires the trial court to determine if a defendant who suffers from a mental health condition has the means to pay LFOs, other than the victim penalty assessment and restitution. RCW 9.94A.777(1). The statute further provides:

> [A] defendant suffers from a mental health condition when the defendant has been diagnosed with a mental disorder that prevents the defendant from participating in gainful employment, as evidenced by a determination of mental disability as the basis for the defendant's enrollment in a public assistance program, a record of involuntary hospitalization, or by competent expert evaluation.

RCW 9.94A.777(2).

The record contains no such evidence that Mr. Perez suffers from a mental health condition. There was a competency evaluation, but Mr. Perez was found competent. Nothing in the record shows Mr. Perez suffers from a diagnosed mental health condition.

7

No. 35043-6-III
*State v. Perez*

This record stands in stark contrast to the extensive evidence of mental health issues affecting the defendant in *State v. Tedder*, 194 Wn. App. 753, 754-55, 378 P.3d 246 (2016). Moreover, the trial court specifically inquired into Mr. Perez's ability to pay and asked him about employment limitations. The only limitation he disclosed was a physical disability. The trial court struck all discretionary LFOs due to this physical disability.

Because the record does not make apparent that the trial court violated the terms of RCW 9.94A.777(2) we decline to further address Mr. Perez's unpreserved claim of error. RAP 2.5(a).

## CONCLUSION

Mr. Perez's judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____       _____
Lawrence-Berrey, C.J.          Korsmo, J.

8