[No. 13288-1-I. Division One. August 1, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD LEE BERGERON, *Appellant.*

*Jonathan S. Cole* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Cindy K. Smith, Deputy,* for respondent.

SCHOLFIELD, J.—Richard L. Bergeron appeals his juvenile court conviction for attempted second degree burglary, alleging that the evidence was insufficient to support his

conviction and that the failure to specify the crime or crimes he intended to commit, in the information and the findings of fact and conclusions of law, was prejudicial error. We affirm.

On April 17, 1983, at about 2:45 a.m., Bernice Andrews was awakened in her home by a noise. She noticed the flashing lights from police cars at a nearby house but found nothing wrong after she checked the upstairs portion of her home. As she was about to return to bed, she heard a crash in her basement and immediately called the police.

The police arrived within minutes and discovered a large hole in her basement window. The window had been opened and was out of its aluminum track. The police cordoned off a perimeter around the neighborhood and notified the canine unit. A tracking dog discovered Mr. Bergeron hiding in a neighboring backyard.

It is undisputed that in a statement given to the police, Mr. Bergeron admitted: "I picked up a rock and broke open a basement window. I slid the window open. I was going to go into the house, but I took off . . ." No fingerprints were found inside Ms. Andrews' home and no burglar tools were found in the area.

Mr. Bergeron was found guilty at a fact–finding hearing on May 16, 1983. The trial court did not initially enter written findings of fact and conclusions of law; however, it entered findings and conclusions on January 10, 1984. These findings and conclusions did not specify the crime or crimes that Mr. Bergeron intended to commit inside Ms. Andrews' home.

■ The standard of review for sufficiency of the evidence is whether:

> after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt.*"

*State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980), quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979). The essential elements of an

attempt are: "with intent to commit a specific crime," one "does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1). The essential elements of second degree burglary are: "with intent to commit a crime against a person or property therein," one "enters or remains unlawfully in a building other than a vehicle." RCW 9A.52.030(1).

Mr. Bergeron concedes that the evidence established that he attempted to enter Ms. Andrews' home. However, he contends that there was no evidence that he intended to commit a crime against a person or property therein. He argues that although intent may be inferred from the fact of entry, it may not be inferred from an attempted entry, citing *State v. Ogden*, 21 Wn. App. 44, 584 P.2d 957 (1978), *review denied*, 91 Wn.2d 1013 (1979).

Intent may be inferred from all the facts and circumstances surrounding the commission of an act or acts. *State v. Lewis*, 69 Wn.2d 120, 123, 417 P.2d 618 (1966), citing *State v. Willis*, 67 Wn.2d 681, 685, 409 P.2d 669 (1966). This rule is applicable in cases of attempted crimes as well as in cases where the crime has been consummated. *State v. Lewis, supra* at 123, citing *State v. Leach*, 36 Wn.2d 641, 646, 219 P.2d 972 (1950). Although intent may not be inferred from conduct that is patently equivocal, it may be inferred from conduct that plainly indicates such intent as a matter of logical probability. *State v. Lewis, supra* at 124.

Mr. Bergeron's conduct was not patently equivocal; it plainly indicated his criminal intent as a matter of logical probability. He broke a basement window of a residence at 2:45 a.m., was going to enter the residence and then fled from the police. We hold that, from this conduct, any rational trier of fact could have found beyond a reasonable doubt that he intended to commit a crime against a person or property inside the home.

Mr. Bergeron relies on *State v. Ogden, supra.* The issue in that case was whether an inference instruction, based on

RCW 9A.52.040,[1] may be given in an attempted burglary case. The court held that an inference instruction may not be given for two reasons: (1) the language of RCW 9A.52-.040 does not authorize such an instruction in the case of an attempted entry, and (2) there was no evidence that the defendants had entered or remained unlawfully in the building; therefore, an instruction was improper.

The court in *Ogden* did not hold that evidence of an attempted entry, alone, is insufficient to support a conviction for attempted burglary. It did not hold that a trier of fact may not infer intent from all the facts and circumstances surrounding the attempted entry. The court held only that an inference instruction, based on RCW 9A.52-.040, is improper. RCW 9A.52.040 provides only that, if a person enters or remains unlawfully in a building, intent to commit a crime may be inferred; it does not provide that, without entry, intent may not be inferred. We find that the holding in *State v. Ogden* does not preclude the inference of intent in this case.

Finally, Mr. Bergeron contends that the failure to specify, in the information or the findings of fact and conclusions of law, the crime or crimes he intended to commit requires reversal under *State v. Johnson,* 100 Wn.2d 607, 674 P.2d 145 (1983).

■■ There is no indication in the record that Mr. Bergeron requested a bill of particulars; therefore, he has waived any claim of error regarding the failure to specify the crime or crimes in the information. *State v. Johnson, supra* at 622–23. Also, the court in *Johnson* did not require that the trial court specify the crime or crimes in its findings of fact and conclusions of law. Rather, the court held that the trial court must specify and define the crime or

---

[1]RCW 9A.52.040 provides:

"In any prosecution for burglary, any person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein, unless such entering or remaining shall be explained by evidence satisfactory to the trier of fact to have been made without such criminal intent."

crimes in the jury instructions. The crime or crimes must be specified and defined for the jury because: (1) unless the crime is defined, the jury may convict for intent to commit an act that the jury believes to be a crime, but actually is not, and (2) unless the crimes are specified, the jury may speculate as to any and all criminal acts that it might imagine. *State v. Johnson, supra* at 624. Mr. Bergeron's case was tried to the court. Thus, there is no concern about a jury. We hold that the trial court did not err in failing to specify the crime or crimes that Mr. Bergeron intended to commit in its findings of fact and conclusions of law.

Judgment affirmed.

CORBETT, A.C.J., and WILLIAMS, J., concur.

Review granted by Supreme Court November 16, 1984.