
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40180-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK CHARLES FINLEY, JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Patrick Finley, on appeal, challenges the sufficiency of evidence to prove criminal intent when entering an abandoned facility's premises for the purpose of gathering salvage metal. Based on the entire circumstances, we conclude that a rational trier of fact could conclude that Finley committed second-degree burglary. We affirm his sole conviction.

FACTS

On April 19, 2023, at 4:26 a.m., Patrick Finley and Michael Boyd entered the former Northwest Alloys (NWA) metals processing facility in Stevens County and began loading their vehicle with property from the site. NWA shuttered the facility in 2001, but maintained and monitored the property using security cameras linked to the site's location manager, Johnie McCanna, who lived nearby. When a camera detected movement on April 19, McCanna received an alert, called 911, and drove to the facility. He saw a SUV at the entrance preparing to leave. McCanna recorded the vehicle's

license plate and reported the incident and the plate number to law enforcement.

Stevens County Sheriff's Deputies Colton Wright and Chad Fox responded to the 911 call, journeyed to the NWA property, but found no one present. Around 6:00 a.m. on April 19, however, while driving home, Deputy Wright spotted the SUV identified by Johnie McCanna traveling toward Colville. Wright stopped the car. Wright questioned the driver, Patrick Finley, about the entering of the NWA facility. Finley admitted to being at the facility but falsely claimed he was alone. Deputy Fox and Detective William Bitton arrived to assist. With Finley's consent, the officers searched the SUV and discovered portable property from NWA, including (1) a crate with large brass bearings, (2) a surgical kit, (3) climbing gear from the fire brigade, and (4) magnesium ingots stamped with NWA's logo.

When Deputy Colton Wright questioned Patrick Finley about the movable property, Finley admitted to taking it from inside the NWA building, but he insisted that he believed NWA had abandoned the site. Finley explained that he intended to sell the scrap materials and split the proceeds with his companion in the vehicle.

PROCEDURE

The State of Washington charged Patrick Finley with second-degree burglary. During trial, the State presented testimony from NWA's facility location manager, Johnie McCanna; Deputies Colton Wright and Chad Fox, who responded to the 911 call; and

2

Detective William Bitton, who oversaw the investigation and was present at Finley's traffic stop. The jury also viewed security camera footage showing Patrick Finley and Michael Boyd inside NWA's facility.

Following the State's case, Patrick Finley testified in his own defense. Under direct examination, Finley avowed that he collected salvaged scrap metal from various locations and mistakenly believed that NWA had abandoned the Stevens County facility:

> [FINLEY]: I went there 'cause—I'd driven by it many times, and I Google searched it and learned that was closed in 2001. And so I thought—I scrap metal,—thought it would be a good place to go—get some scrap metal. Like an abandoned place.
> . . . .
> [DEFENSE COUNSEL]: Okay, so what did you believe about that building when you went there.
> [FINLEY]: That it was abandoned. That—it—yeah, could—it looked abandoned.
> . . . .
> [DEFENSE COUNSEL]: Okay. Were there any signs posted around the parking lot that you observed.
> [FINLEY]: I don't recall—any signs—no trespassing. There's— The driveway's open, and you just—I just drove right down.
> [DEFENSE COUNSEL]: What happened next.
> [FINLEY]: Then I proceeded to scavenge for scrap metal. So,— And found various things here and there, and—and then loaded them up—.

Rep. of Proc. (RP) at 235-36.

During testimony, Patrick Finley explained why, after passing Johnie McCanna's vehicle, he made several right turns, pulled over, and remained parked for about five minutes:

[DEFENSE COUNSEL]: Why'd you stop.

[FINLEY]: Stop—

[DEFENSE COUNSEL]: You said you stopped there for about five minutes. What happened.

[FINLEY]: Just trying to figure out—the next move, our game plan.

Under cross-examination, Patrick Finley admitted that he had lied to Deputy Colton Wright. He also acknowledged he lacked permission to enter NWA's facility:

[STATE COUNSEL]: Okay. And when you spoke with Dep. Wright you initially told him you acted alone at Northwest Alloys. Isn't that correct?

[FINLEY]: I believe I stated that—Michael was not with me, that somebody else was.

[STATE COUNSEL]: A ghost.

[FINLEY]: Yeah. I didn't say ghost, but, yeah.

[STATE COUNSEL]: Okay. But Mr. Boyd was with you at Northwest Alloys.

[FINLEY]: Yes, he was with me.

[STATE COUNSEL]: Okay. Because—Did they tell you they had you on video? Is that why you told 'em that Mr. Boyd was actually with you at Northwest Alloys?

[FINLEY]: I don't think they said anything about the video until sometime after—So,—Yeah. I don't—I don't recall them saying—mentioning the video for a while, actually.

[STATE COUNSEL]: So,—so later.

[FINLEY]: Later, after—Yeah, after—there.

[STATE COUNSEL]: Okay. And you didn't have permission from Northwest Alloys to take any of these items—

[FINLEY]: I did not, no.

[STATE COUNSEL]: Okay. And you didn't have any permission to go into the building—

[FINLEY]: I did not

[STATE COUNSEL]: —go through the gate and into their property.

[FINLEY]: No.

4

No. 40180-4-III
*State v. Finley*


RP at 245-46.

The trial court delivered the following two jury instructions, among others:

> To convict the defendant of the crime of burglary in the second-degree each of the following elements of the crime must be proved beyond a reasonable doubt: One, that on or about April 19, 2023 the defendant entered or remained unlawfully in a building; Two, that the entering or remaining was with the intent to commit a crime against a person or property therein; and Three, that this act occurred in the state of Washington. If you find from the evidence that each of these elements has been proved beyond a reasonable doubt then it will be your duty to return a verdict of guilty. On the other hand, if after weighing all of the evidence you have a reasonable doubt as to any one of these elements then it will be your duty to return a verdict of not guilty.

> A person acts with intent or intentionally when acting with the objective or purpose to accomplish a result that constitutes a crime.

RP at 268-69

The jury found Patrick Finley guilty of second-degree burglary.

LAW AND ANALYSIS

Patrick Finley solely assigns error to the sufficiency of evidence to convict him of second-degree burglary. He contends that the State failed to show that he intended to commit a crime when entering the NWA property, an element of the crime of burglary.

A challenge to the sufficiency of the evidence admits the truth of the State's evidence, and the court must view all reasonable inferences in the light most favorable to

the State. *State v. Calvin*, 176 Wn. App. 1, 9-10, 316 P.3d 496 (2013). Intent may be

inferred by the jury from the facts and circumstances surrounding the act. *State v. Willis*,

67 Wn.2d 681, 685, 409 P.2d 669 (1966). Both circumstantial and direct evidence are

considered equally reliable. *State v. Bass*, 18 Wn. App. 2d 760, 782, 491 P.3d 988

(2021). We defer to the jury's assessment of witness credibility, resolution of conflicting

testimony, and the weight and persuasiveness of the evidence. *State v. Bass*, 18 Wn.

App. 2d 760, 782 (2021). The record must contain sufficient evidence to persuade a

rational, fair-minded person of every element of the crime beyond a reasonable doubt.

*State v. Griffin*, 173 Wn.2d 467, 474, 268 P.3d 924 (2012).

To convict Patrick Finley of second-degree burglary, the State needed to prove

beyond a reasonable doubt that (1) Finley unlawfully entered or remained in a building

other than a vehicle or dwelling, and (2) he did so with the intent to commit a crime

against a person or property therein. RCW 9A.52.030(1). A person enters or remains

"unlawfully" when they do so without being "licensed, invited, or otherwise privileged"

to enter or stay. RCW 9A.52.010(2). Finley admitted to unlawfully entering NWA's

facility but argues that the evidence failed to establish criminal intent. He emphasizes

that he saw no "No Trespassing" sign and that the building "appeared abandoned." RP at

235-36. Finley also underscores his cooperation with law enforcement after being

stopped.

In cases of burglary, the trier of fact may infer that a person who entered or remained unlawfully in a building did so with intent to commit a crime, unless the defendant provides satisfactory evidence to rebut that inference. RCW 9A.52.040. The trier of fact, however, may not infer intent from evidence "patently equivocal." *State v. Woods*, 63 Wn. App. 588, 592, 821 P.2d 1235 (1991). The factfinder may draw inferences of intent only from conduct that plainly indicates such intent as a matter of logical probability. *State v. Vasquez*, 178 Wn.2d 1, 14, 309 P.3d 318 (2013).

The State introduced evidence sufficient to allow a rational trier of fact to conclude, beyond a reasonable doubt, that Patrick Finley acted with criminal intent. The jury viewed video evidence and could reasonably determine from the video that Finley and his companion moved furtively. Upon passing Johnie McCanna's vehicle while exiting, Finley drove a short distance before pulling over, seemingly to assess the situation. A jury could interpret this stop as being evasive. When stopped by Deputy Colton Wright, Finley falsely claimed he was alone inside the building, showing a willingness to shield a friend from criminal charges. The movable property found inside Finley's vehicle undermined his claim that he merely collected scrap metal. The garnered property included a surgical kit from NWA's main office and climbing gear from the facility's fire brigade, items inconsistent with scrap metal. Finally, Finley's concession of lying to a law enforcement officer tattered his credibility.

7

No. 40180-4-III
*State v. Finley*

Evidence that Patrick Finley unlawfully entered the NWA facility during the pre-dawn hours, removed items that did not belong to him, and lied when initially questioned by police suffices for a rational jury to find him guilty of second-degree burglary. The jury could draw these inferences "from conduct that plainly indicates such intent as a matter of logical probability." *State v. Bergeron*, 38 Wn. App. 416, 419, 685 P.2d 648 (1984).

CONCLUSION

We affirm Patrick Finley's conviction for burglary in the second-degree.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Cooney, J.

_____
Murphy, J.

8